IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEANNA GUTIERREZ ON BEHALF OF DOMINIQUE HERNANDEZ, LFEH, UREH, and MCEH, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | Case No. CIV-14-917-D |
| STEPHEN CRAIG CARTER, individually, and as agent for UNKNOWN CARRIER, UNKNOWN CARRIER and all entities involved, | ) ) ) ) ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court is Defendant Stephen Craig Carter's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement [Doc. No. 4], filed pursuant to Fed. R. Civ. P. 12(b)(6) and 12(e). Plaintiffs have made no timely response or requested additional time to respond, and therefore, the Court in the exercise of discretion under LCvR7.1(g) deems the Motion confessed. For this reason, and the reasons set forth herein, the Court finds that the Motion should be granted.

**Factual Background**

This action was filed in the District Court of Beckham County, Oklahoma, to recover damages for personal injuries sustained in a motor vehicle accident. Defendant Carter allegedly was negligent in operating a semitrailer truck owned by an unidentified motor carrier, and his negligence allegedly caused a collision and caused the truck to strike one

plaintiff. The identities of the plaintiffs are unclear from the petition. The individuals are named only in the caption: "Jeanna Gutierrez on behalf of Dominique Hernandez, [LFEH], [UREH], [MCEH]." *See* Petition [Doc. No. 1-1].[1] An opening sentence states: "COME NOW the Plaintiffs, Dominique Hernandez on behalf of [sic] (hereafter "Plaintiffs") . . . ." *Id.* The alleged facts are that "Plaintiffs were driving/riding in a 2001 GMC vehicle traveling eastbound on I-40," that Defendant Carter was also traveling eastbound, that "Plaintiffs had a motor vehicle accident for unknown reasons causing Plaintiffs to be thrown from their vehicles [sic] onto the eastbound lanes of I-40 near Mile Marker 2, when the Defendants failed to operate the 2006 Kenworth Semi with caution and ran over Plaintiff [MCEH] who was later determined to be deceased and did so in the presence of her family members who are listed herein as Plaintiffs . . . ." *See id*. ¶¶ 8, 10. These allegations suggest that the plaintiffs are MCEH's family members.

Defendant Carter clarifies the circumstances of the accident in his Motion.[2] Defendant states that the minor plaintiffs were riding in a vehicle driven by their mother, Jessica Hernandez (who is not named in the petition), that all occupants of the vehicle were ejected onto the eastbound lanes of travel in a roll-over accident, that Defendant was able to avoid striking all individuals in the roadway except MCEH, and that Jessica Hernandez also

---

[1] In removing the case to federal court, Defendant redacted the names of persons known to be minors and included only their initials, as required by Fed. R. Civ. P. 5.2(a). The Court accepts Defendant's representation that the individuals whose names have been redacted are minors.

[2] Because the Motion is confessed and these facts are undisputed, the Court accepts them as true for purposes of ruling on the Motion.

died as a result of injuries sustained when she was ejected. Defendant asserts that the adult plaintiffs, Jeanna Gutierrez and Dominique Hernandez, were not in the vehicle or involved in the accident. Defendant identifies Dominique Hernandez Ss the sister of Jessica Hernandez (thus, the children's aunt), but stateS he is unaware of Jeanna Gutierrez's relationship to the family. From the caption, it would appear that Jeanna Gutierrez is attempting to bring this action for Dominique Hernandez to recover for the wrongful death of MCEH and injuries to the other minor plaintiffs.

Although Defendant has filed the Motion as one for dismissal under Rule 12(b)(6), Defendant asserts that the petition does not allege sufficient facts to establish standing of Jeanna Gutierrez, or Dominique Hernandez, to bring this action on behalf of the minors or to sue under the applicable wrongful death statutes, Okla. Stat. tit. 12, §§ 1053-54. A lack of standing would deprive the Court of subject matter jurisdiction. *See Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1224 (10th Cir. 2012). Accordingly, because the Court has an independent obligation to determine its jurisdiction (*see 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006)), and because the Court is obliged to address jurisdiction as a threshold matter before reaching the merits of a party's claims (*see See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998)), the Court will address the Motion as one for dismissal for lack of jurisdiction under Rule 12(b)(1).

**Standard of Decision**

"Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 379 F. 3d 901, 906 (10th Cir. 2004) (internal quotation omitted). "A facial attack on the complaint's allegations regarding subject matter jurisdiction questions the complaint's sufficiency and requires the court to accept the allegations as true. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). Here, Defendant challenges the sufficiency of Plaintiffs' pleading to establish standing of Jeanna Gutierrez to sue for others.

**Discussion**

As discussed above, the caption of the petition suggests that Jeanna Gutierrez is bringing suit on behalf of Dominique Hernandez and, perhaps, the minor plaintiffs. "One element of prudential standing is the general prohibition on a litigant's raising another person's legal rights." *Commonwealth Prop. Advocates, LLC v. Mortgage Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201 (10th Cir. 2011) (internal quotation omitted). As to the minor plaintiffs, the Court looks to Oklahoma law, which governs this diversity action.[3] *See also* Fed. R. Civ. P. 17(b) (an individual's capacity to sue is determined by law of domicile). The Oklahoma Supreme Court has held: "Whenever a minor or incapacitated person is involved in circumstances which give rise to legal action, suit must be brought by a representative to

---

[3] The petition alleges that all plaintiffs were individual residents of Oklahoma, and the accident occurred in this state.

ensure that their interests are protected." *Gomes v. Hameed*, 184 P.3d 479, 489 (Okla. 2008). In Oklahoma, a minor may sue through a duly appointed representative, next friend, or guardian ad litem. *See* Okla. Stat. tit. 12, § 2017(C). The petition alleges no facts regarding the relationship between the adult plaintiffs and the minors, and no basis to establish legal authority to sue on their behalf. Also, as to the deceased child, the person entitled to bring a wrongful death action is governed by statute. The Oklahoma wrongful death statutes authorize a suit by the personal representative of the decedent's estate or, where none has been appointed, by a surviving spouse or the decedent's next of kin. *See id.* § 1053-54. The petition does not allege any basis for an action regarding the death of MCEH.

**Conclusion**

For these reasons, the Court finds that Plaintiffs have failed to sufficiently allege a basis of standing to bring this action and, therefore, it should be dismissed without prejudice for lack of subject matter jurisdiction.[4]

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 4] is GRANTED. This action is DISMISSED for lack of jurisdiction. Judgment shall be entered accordingly.

IT IS SO ORDERED this 3rd day of October, 2014.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[4] Because the Court lacks jurisdiction, the dismissal must be without prejudice to refiling. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).